UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENNIS LEE GUNTER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DET. SEAN MEEKS; OFF. STEVE BURNS; OFF. SCOTT HALE-BRYANT; DET. R. THOMAS; DET. MONICA GEDDRY; OFF. T. ALAKSA,<br><br>　　　　Defendants. | 3:11-CV-00551-LRH-WGC<br><br>ORDER |

　　　Before the court are Defendants R. Thomas, Monica Geddry and T. Alaksa's (collectively, "Reno Defendants") Motion to Dismiss (#11[1]), and Defendants Sean Meeks, Stephen Burns, and Scott Hale-Byron's (collectively, "Sparks Defendants") Motion to Dismiss (#16). Plaintiff Dennis Lee Gunter, appearing pro se, has not filed a response to either motion.

　　　Plaintiff was arrested on two separate occasions, first by the Sparks Defendants on August 4, 2009, and then by the Reno Defendants on September 30, 2009, for failing to register a change of address, in violation of N.R.S. §§ 179D.447 and 179D.550. In August 2011, Plaintiff filed this action under 42 U.S.C. § 1983 alleging that the defendants violated his due process rights because

---

[1] Refers to court's docket entry number.

both arrests occurred after a judge of this court ruled that the Nevada statutes in question are unconstitutional and permanently enjoined their enforcement.

## I.     Legal Standard

Defendants seek dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Rule 8(a)(2) notice pleading standard.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008).  That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged.  *See id.* at 1949-50.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true.  *Id.*  However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

(internal quotation marks omitted).  The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.)  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

"*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks and citations omitted).  "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citations omitted).

**II.     Discussion**

As the defendants contend, Plaintiff's claims are based on the false premise that this court ruled that N.R.S. §§ 179D.447 and 179D.550 are unconstitutional and permanently enjoined their enforcement.  In *American Civil Liberties Union of Nevada v. Cortez Masto*, 719 F. Supp. 2d 1258 (D. Nev. Oct. 7, 2008) (Mahan, J.), this court declared A.B. 579 and S.B. 471 unconstitutional and issued a permanent injunction prohibiting the enforcement of changes to various N.R.S. provisions to be modified by the implementation of A.B. 579 and S.B. 471.  But that decision did not declare unconstitutional or enjoin enforcement of N.R.S. §§ 179D.447 and 179D.550 as they existed without implementation of the amendments.  Thus, the defendants' enforcement of these statutes

would not have violated the court's injunction or the constitution. Defendants' motions to dismiss will be granted accordingly.[2]

IT IS THEREFORE ORDERED that Reno Defendants' Motion to Dismiss (#11) and Sparks Defendants' Motion to Dismiss (#16) are GRANTED. The complaint is hereby DISMISSED without prejudice. Plaintiff shall have 30 days in which to filed an amended complaint, if he chooses to do so.

IT IS SO ORDERED.

DATED this 5th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2]The defendants also contend that Plaintiff pled guilty to the offenses for which he was arrested, and that his claims that his arrest was unconstitutional are barred by the *Rooker-Feldman* doctrine or waived by his guilty plea. However, the court declines to consider any factual assertions and legal arguments that are based on police reports and other documents that lack proper authentication.