UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DENNIS LEE GUNTER, | Case No. 3:11-cv-00551-MMD-WGC |
| Plaintiff, | ORDER |
| v. | (Defs.' Motion to Dismiss Amended Complaint – dkt. no. 38; |
| DET. SEAN MEEKS, et al., | Defs.' Motion to Dismiss – dkt. no. 42) |
| Defendants. | |

## I.    SUMMARY

Before the Court are Defendants Sean Meeks, Stephen Burns, and Scott Hale-Byron's (the "Sparks Defendants") Motion to Dismiss Amended Complaint (dkt. no. 38) and Defendants R. Thomas, Monica Geddry and T. Alaska's (the "Reno Defendants")[1] Motion to Dismiss (dkt. no. 42).

For the reasons set forth below, the Sparks Defendants' Motion to Dismiss (dkt. no. 38) is granted and the Reno Defendants' Motion to Dismiss (dkt. no. 42) is granted in part and denied in part.

## II.    BACKGROUND

Pro se Plaintiff filed an Amended Complaint on November 27, 2012. (Dkt. no. 37.) It alleges causes of action against four defendants: (1) Reed Thomas, Reno Police Department ("RPD") detective assigned to the Repeat Offender Program ("ROP");

---

[1]The City of Reno is not listed as one of the Defendants moving to dismiss. (Dkt. no. 42 at 1.) As such, the Court will treat dkt. no. 42 as a motion on behalf of the individual defendants listed *only* and will only consider those claims asserted against said defendants.

(2) Monica Geddry, RPD detective assigned to the Regional Sex Offender Notification Unit ("RSONU"); (3) Stephen Pitts, RPD Chief of Police; and (4) the City of Reno. The Court dismissed this action without prejudice as to Stephen Pitts pursuant to Fed. R. Civ. P. 4(m). (*See* Dkt. no. 46.)

The Amended Complaint and attached exhibits contain the following facts. Plaintiff is a registered sex offender who is required to provide notification of address changes to the police. Plaintiff was arrested on August 4, 2009, for failing to notify the authorities of an address change pursuant to NRS § 179D.550 ("first failure to notify charge"). He pleaded guilty and was released on his own recognizance pending sentencing with the understanding that he would report weekly to the court services office.  As part of his plea agreement, the government agreed to ask for no more than a 12-30 month prison sentence, the statutory minimum for the charge to which Plaintiff pleaded guilty. The statute also allowed for a probation alternative.

On May 7, 2009, Plaintiff listed his address in the sex offender registry as "homeless." On August 26, 2009, he updated his registry information with his new address at 777 S. Virginia St. On August 28, 2009, Plaintiff was arrested by an RPD officer for petit larceny. He gave his address as 777 S. Virginia St. Defendant Thomas reviewed the police report for the petit larceny, checked the registry and saw Plaintiff was registered as "homeless" on May 7, 2009. Plaintiff was arrested on September 30, 2009, by Defendant Geddry as he was exiting the court services office after one of his weekly reports. He was charged with failing to notify the authorities of his change of address ("second failure to notify charge"). Plaintiff was placed in custody on September 30, 2009, and was not released on his own recognizance.

On October 20, 2009, a sentencing hearing was held regarding Plaintiff's first failure to notify charge. At the hearing, the prosecution noted that her office had previously agreed to request a 12-30 month sentence. In light of Plaintiff's arrest for the second failure to notify charge, however, the prosecution asked the court to impose a
///

12-48 month sentence. The prosecution did not seek habitual offender status. The sentencing court imposed a 12-48 month sentence with time served.

Discovery in the proceeding related to the second failure to notify charge revealed that Plaintiff had properly updated his registration information. The case related to that charge was consequently dismissed on November 30, 2009. On December 10, 2009, the sentencing court for the first failure to notify charge changed its sentence from 12-48 months to 12-30 months with time served.

Plaintiff states claims for relief based on numerous theories of liability pursuant to 42 U.S.C. §§ 1983 and 1985. The Sparks Defendants and the Reno Defendants separately move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The Reno Defendants also move to strike certain claims as redundant pursuant to Fed. R. Civ. P. 12(f).

III.   **LEGAL STANDARD**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action,

supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). However, *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell v. Frappiea*, No. 10-16845, 2013 WL 4793184, at *3 (9th Cir. Sept. 10, 2013).

## IV.    ANALYSIS

### A.    The Sparks Defendants and Defendant Alaska

The Sparks Defendants request dismissal on the grounds that there are no allegations made against them in the Amended Complaint and there is no relief requested as against them. (Dkt. no. 38.) The Court agrees and finds that the Amended Complaint does not state a claim against the Sparks Defendants. The action is thus dismissed as to the Sparks Defendants.

Similarly, the Amended Complaint does not allege any facts or causes of action as to Defendant Alaska, and Plaintiff does not seek any relief from that defendant. The

4

action is thus dismissed as to Defendant Alaska. The Court will now consider the claims asserted against Defendants Thomas and Geddry.

### B.   State Constitution Claims

Counts Two, Four, Six and Eight (1)[2] of the Amended Complaint allege violations of the Nevada state constitution. Plaintiff pursues liability under 42 U.S.C. § 1983. These claims fail as a matter of law. *See Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) ("Only federal rights, privileges, or immunities are protected by [§ 1983]" and "[v]iolations of state law are insufficient.") The Reno Defendants' motion to dismiss is granted as to Counts Two, Four, Six and Eight (1).

### C.   Fourteenth Amendment Claims

The Amended Complaint alleges violations of Plaintiff's Fourteenth Amendment due process and equal protection rights in Counts One and Seven.

#### 1.   Count One – Conspiracy to violate Plaintiff's Due Process rights

Count One alleges that Defendants conspired to violate Plaintiff's Due Process rights by causing "the arrest and prosecution of [Plaintiff] without probable cause . . . ." (Dkt. no. 37 at 19.)  Count One is brought pursuant to 42 U.S.C. § 1985. To state a claim for conspiracy under § 1985, a plaintiff must first be able to state a claim under § 1983. *See, e.g.*, *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). Plaintiff fails to state a claim under § 1983 because pretrial deprivations of liberty, such as the arrest and prosecution alleged here, are governed by the Fourth Amendment, not the Fourteenth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 266-67 (1994); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) ("The principle that

---

[2]The Amended Complaint contains two counts that are numbered "Eight." The first, which alleges violation of the Nevada state constitution, is hereby referred to as "Count Eight (1)." The second, which alleges false arrest and false imprisonment, is hereby referred to as "Count Eight (2)."

Albright establishes is that no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause.") (citations omitted).

Plaintiff has alleged causes of action under the Fourth Amendment for arrest without probable cause in Counts Three and Five. The Court will therefore not construe his claim in Count One as a Fourth Amendment claim. Plaintiff's Fourteenth Amendment claim in Count One, in as much as it relates to his arrest and prosecution without probable cause, is thus dismissed.

### 2. Count One – Conspiracy to deprive Plaintiff of Equal Protection

Count One also alleges that Defendants conspired to violate Plaintiff's Equal Protection rights by causing "the arrest and prosecution of [Plaintiff] . . . with discriminatory intent because of his status as a sex offender . . . ." (Dkt. no. 37 at 19.) "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with the intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). The law in the Ninth Circuit is clear, however, that sex offenders are not a suspect or protected class for Fourteenth Amendment purposes. *See United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012) (*citing United States v. LeMay*, 260 F.3d 1018, 1030-31 (9th Cir. 2001)). Plaintiff thus fails to state an Equal Protection claim and Count One is dismissed.

### 3. Count Seven – Failure to disclose exculpatory evidence

Count Seven alleges that Defendants Thomas and Geddry violated Plaintiff's Due Process rights by withholding exculpatory evidence. Count Seven is brought pursuant to 42 U.S.C. § 1983. The Court construes this claim as alleging a failure to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963). The law in the Ninth Circuit is clear that *Brady*'s requirement to disclose exculpatory evidence applies equally to prosecutors and police officers. *See Tennison v. City and Cnty. of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2008). "To state a claim under [*Brady*], the

plaintiff must allege that (1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced the plaintiff." *Gantt v. City of Los Angeles*, 717 F.3d 702, 709 (9th Cir. 2013) (citations omitted).

Plaintiff successfully states a claim under *Brady*. The information in the Reno Sex Offender Registry demonstrating Plaintiff's legal compliance was clearly exculpatory evidence as to his second failure to notify charge. The Amended Complaint contains facts to support Plaintiff's allegations that Defendants Geddry and Thomas were aware of this exculpatory evidence prior to Plaintiff's arrest for the second failure to notify charge. Specifically, the Amended Complaint alleges that Geddry, as a RSONU detective, is immediately notified when a sex offender registrant updates his or her address so that she may carry out her obligations with respect to community notification. The Amended Complaint also alleges that Defendant Thomas was aware of the exculpatory evidence because he wrote in his police report that he "checked [Plaintiff's] sex offender registration status . . . ." (*See* dkt. nos. 37 at 3; 37, Ex. 2 at 3.) The Amended Complaint also states that, despite Geddry and Thomas' alleged awareness, this evidence did not come to light until the discovery process. Plaintiff alleges that he was prejudiced because he received a less favorable sentence related to his first failure to notify charge, and because he was wrongfully held in jail as a result of his arrest for the second failure to notify charge.

At this stage, Plaintiff's allegations are sufficient to state a claim under *Brady* for violation of his Due Process rights. The Reno Defendants' motion to dismiss is denied as to Count Seven.

### D.    Fourth Amendment Claims

The Amended Complaint alleges violations of Plaintiff's Fourth Amendment rights in Counts Three and Five.

///

///

### 1. Count Three – Arrest without probable cause

Count Three alleges that Defendants did not disclose known exculpatory evidence and caused Plaintiff to be arrested without probable cause. Count Three is brought pursuant to 42 U.S.C. § 1983. The Fourth Amendment provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const., amend. IV. "A claim is sufficiently stated as a violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification." *Hack v. City of Carson City*, No. 3:11-cv-00353, 2012 WL 3638767, at *9 (D. Nev. Aug. 22, 2012) (*citing Forster v. Cnty. of Santa Barbara*, 896 F.2d 1146, 1147-48 (9th Cir.1990)). Under federal law, "[p]robable cause exists where the facts and circumstances" within the officers' "knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Tensley v. City of Spokane*, 267 F. App'x 558, 560 (9th Cir. 2008) (*citing Brinegar v. United States*, 338 U.S. 160, 175–76 (1949)). It is an objective standard that looks to the facts known to the officers at the time of the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152-53 (2004). Once probable cause is established, an officer need not look for exculpatory evidence, but an officer may not willfully disregard exculpatory evidence either. *See Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003).

Plaintiff successfully states a claim for a probable cause violation. Plaintiff alleges that Defendants willfully disregarded exculpatory evidence in effectuating and carrying out his arrest. Defendants' motion to dismiss is denied as to Count Three.

### 2. Count Five – Arrest without probable cause

The Reno Defendants argue that Count Five is identical and redundant to Count Three. Plaintiff does not dispute this in his opposition. The Court agrees that Count Five is redundant and it is therefore struck pursuant to Fed. R. Civ. P. 12(f).

///

### E.     Count Eight (2) – False arrest and false imprisonment

The Amended Complaint alleges that Defendants caused false arrest and false imprisonment of Plaintiff from September 30, 2009, which is the date on which he was arrested for the second failure to notify charge, to November 30, 2009, which is the date on which the second failure to notify charge was dismissed. Count Eight (2) is brought pursuant to 42 U.S.C. § 1983. A plaintiff may state a claim for false arrest or false imprisonment under § 1983 by alleging a violation of his or her Fourth Amendment right to be free from unreasonable seizure of his or her person. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923–25 (9th Cir. 2001).

The Reno Defendants argue that this claim is redundant to Count Three. Plaintiff does not dispute this in his opposition. The Court agrees that Count Eight (2) is redundant and it is therefore struck pursuant to Fed. R. Civ. P. 12(f).

### F.     Count Nine – Malicious Prosecution

The Amended Complaint alleges that Defendants initiated and caused to be prosecuted the second failure to notify charge without probable cause and with malicious intent. Count Nine is brought pursuant to 42 U.S.C. § 1983.

Defendants have not moved to dismiss this claim.

### G.     Count Ten – Defendant Geddry failed to intervene

The Amended Complaint alleges that Defendant Geddry was aware of Plaintiff's compliance with Nevada law but failed to prevent his arrest. Count Ten is brought pursuant to 42 U.S.C. § 1983. Courts in the Ninth Circuit have recognized "failure to intervene" claims under § 1983 where an officer fails to intervene in the use of excessive force. *See Robinson v. Landa*, No. 3:12-cv-00525, 2013 WL 4458749, at *3 (D. Nev. Aug. 15, 2013) (listing cases). The Ninth Circuit has also recognized that supervisors may be liable for § 1983 violations "when the evidence shows that they participated in, directed, or knew of the alleged constitutional violations, and failed to intervene to prevent them." *Schmidt v. City of Seattle*, 357 F. App'x 120, 122 (9th Cir. 2009).

///

The Reno Defendants argue that Plaintiff has not alleged that Geddry was a supervisor. The Court agrees. Plaintiff has also failed to identify the constitutional violations that he expected Geddry to try and stop or prevent. To the extent that the constitutional violations at issue were his arrest without probable cause, or his detention prior to exculpatory evidence being exposed, Plaintiff has alleged that Geddry is directly liable under § 1983. Plaintiff cites to *Baker v. Monroe Township*, 50 F.3d 1186, 1190 (3d Cir. 1995) in support of his claim, but the issue in that case was whether an officer failed to intervene in the violations of his subordinates. There is no such allegation here.

The Reno Defendants' motion to dismiss is granted as to Count Ten.

**H.      Count Eleven – Intentional infliction of emotional distress**

The Amended Complaint alleges that Defendants inflicted on the Plaintiff "severe, extreme and outrageous emotional distress as to be called conscious-shocking and beyond all bounds of decency." (Dkt. no. 37 at 25.) Count Eleven is brought pursuant to 42 U.S.C. § 1983. The Reno Defendants argue that this is a state common law claim and cannot be brought under § 1983. Plaintiff does not address this argument in his opposition. The Court agrees with the Reno Defendants and finds that this claim is not cognizable under § 1983. *See Corothers v. Salinas Valley State Prison*, No. 11–1194, 2011 WL 2415631, at *2 (N.D. Cal. June 15, 2011).

The Reno Defendants' motion to dismiss is granted as to Count Eleven.

**I.      The Remaining Counts**

Counts Twelve, Thirteen and Fourteen of the Complaint are asserted against Defendant Pitts, who has been dismissed from this action, and the City of Reno, which has not moved to dismiss. These counts are not asserted against the Sparks Defendants or the Reno Defendants. The Reno Defendants' motion to dismiss these counts is therefore denied. *See Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir.1957) ("This was error; for the moving defendants, obviously, had no standing to seek dismissal of the action as to the nonmoving defendants.")

///

V.   **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of the Motion.

It is hereby ordered that the Sparks Defendants' Motion to Dismiss Amended Complaint (dkt. no. 38) is granted.

It is further ordered that the Reno Defendants' Motion to Dismiss (dkt. no. 42) is granted in part and denied in part. This action is dismissed as to Defendant Alaska. Counts One, Two, Four, Six, Eight (1), Ten and Eleven are dismissed as against the Reno Defendants. Counts Five and Eight (2) are struck. Dismissal is denied as to Counts Three, Seven and Nine.

ENTERED THIS 30th day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE