UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| DENNIS LEE GUNTER, | Case No. 3:11-cv-00551-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DET. SEAN MEEKS, et al., | |
| Defendants. | |

Before the Court are Defendants' Motion to Dismiss for Failure to Prosecute (dkt. no. 55) and Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (dkt. no. 56). For the reasons discussed herein, both motions are denied.

The relevant facts are recounted in the Court's September 30, 2013 Order addressing two motions to dismiss. (Dkt. no. 49.) Three counts — three, seven and nine — survived dismissal. (*Id.*) Defendants filed their Answer on October 14, 2013. (Dkt. no. 50.) On August 27, 2014, the Clerk of the Court issued a notice of intent to seek application with the Court to dismiss for want of prosecution pursuant to Local Rule 41-1. (Dkt. no. 52.) Plaintiff sought an extension of time, which was granted. (Dkt. nos. 53, 54.) On the last day of the extended deadline, Defendants moved to dismiss and Plaintiff moved for summary judgment. (Dkt. nos. 55, 56.)

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action for lack of prosecution, or

failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423-1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

After balancing these factors, the Court finds that dismissal for lack of prosecution is not warranted. Dismissal would run contrary to the public policy favoring disposition of cases on their merits, which Plaintiff's Motion presents. While there is a risk of potential prejudice to Defendants, it appears to the Court that the risk is calculated as Defendants elected to wait for Plaintiff to initiate the early case conference to begin discovery instead of pursuing their own discovery. LR 26-1(d) imposes a duty on counsel for the plaintiff to initiate the Rule 26(f) meeting, but does not bar counsel for the defendant from initiating the meeting. Defendants' counsel could have reached out to Plaintiff, who is proceeding pro se, to schedule the Rule 26(f) conference. Such effort may have alleviated some of the delays in this case.

Plaintiff's Motion seeks summary judgment on count three for arrest without probable cause in violation of his Fourth Amendment rights. (Dkt. no. 56.) He essentially argues that he has made a substantial showing that Defendants violated his rights. In response, Defendants sought relief under Rule 56(d), arguing that because Plaintiff has failed to initiate the Rule 26(f) meeting and without discovery, Defendants cannot present facts to oppose Plaintiff's Motion. (Dkt. no. 59.) Under Fed.R.Civ.P. 56(d), if, in response to a summary judgment motion, "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer consideration of the motion, deny the motion, allow the parties time to complete additional discovery, or grant other appropriate relief. As the Court noted, Defendants could have initiated the Rule 26(f) conference. However, in light of the fact that no discovery has been conducted, the Court is persuaded by Defendants' argument

that they cannot adequately oppose summary judgment. Accordingly, the Court will deny Plaintiff's Motion.

It is therefore ordered that Defendants' Motion to Dismiss for Failure to Prosecute (dkt. no. 55) is denied. It is further ordered that Plaintiff's Motion for Summary Judgment (dkt. no. 56) is denied. Denial is without prejudice to Plaintiff to later move for summary judgment.

The parties are directed to schedule a discovery status conference with the Magistrate Judge within thirty (30) days.

DATED THIS 9th day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE